541 P.2d 435

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Daniel Peter BARELA, Defendant-Appellant.**

**No. 1880.**

Court of Appeals of New Mexico.

Sept. 23, 1975.

Larry N. Smith, Moore & Smith, Santa Fe, for defendant-appellant.

Toney Anaya, Atty. Gen., Jay F. Rosenthal, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

SUTIN, Judge.

Defendant was convicted of possession of heroin contrary to § 54–11–23(A), N. M.S.A.1953 (Repl.Vol. 8, pt. 2, 1973 Supp.). He appeals. We affirm.

The only question on appeal that merits consideration is defendant's claim that the trial court erroneously denied defendant's motion to suppress evidence seized from his person.

Defendant was arrested for public drunkenness. This occurred prior to repeal of the offense of drunkenness, § 40A–20–2, N.M.S.A.1953 (2d Repl.Vol. 6). The police officer searched defendant and found a marijuana cigarette and a glasses case which contained heroin.

Defendant contends that the opening of the glasses case was not a permissible search. This claim is a matter of first impression in New Mexico.

The Supreme Court of the United States has now held that the full search of the person of the suspect made incident to a lawful custodial arrest did not violate the Fourth and Fourteenth Amendments of the Constitution of the United States. *Gustafson v. Florida,* 414 U.S. 260, 94 S.Ct. 488, 38 L.Ed.2d 456 (1973); *United States v. Robinson,* 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973).

Having authority to search the glasses case, the right to open it naturally followed.

Affirmed.

It is so ordered.

WOOD, C. J., and LOPEZ, J., concur.