IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

Opinion Number: 2011-NMSC-013

Filing Date: March 16, 2011

Docket No. 32,283

STATE OF NEW MEXICO,

   Plaintiff-Appellant,

v.

LEONARD ROMERO,

   Defendant-Appellee.

APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Charles W. Brown, District Judge

Gary K. King, Attorney General
Ralph E. Trujillo, Assistant Attorney General
Santa Fe, NM

for Appellant

Hugh W. Dangler, Chief Public Defender
Mary Barket, Assistant Appellate Defender
Santa Fe, NM

for Appellee

OPINION

CHÁVEZ, Justice.

{1} This case is on appeal solely to determine whether it is a "pending" case for purposes of the procedural rule change announced in *State v. Savedra*, 2010-NMSC-025, ¶ 9, 148 N.M. 301, 236 P.3d 20. *Savedra* eliminated portions of Rule 5-604 NMRA ("the six-month rule") effective for all cases pending in district court as of the date *Savedra* was filed. We explained that instead of the six-month rule, "defendants may rely upon and assert their right to a speedy trial whenever they believe impermissible delay has occurred; whether that delay is the result of a dismissal and refiling or any other cause." 2010-NMSC-025, ¶ 9. We

1

recently clarified that for all prosecutions originating in district court, "pending" for purposes of *Savedra* includes cases at the district court or appellate level as of May 12, 2010. *State v. Martinez*, 2011-NMSC-010, ¶ 10, ___ N.M. ___, ___ P.3d ___ (No. 32,069, Feb. 25, 2011). Therefore, the six-month rule does not apply to Romero's case. However, Romero also asserts that withdrawing the six-month rule for his case would deprive him of due process under the United States and New Mexico Constitutions because retroactive application is a prohibited ex post facto law. We reject Romero's argument for three reasons: (1) federal due process protection only extends to ex post facto situations that do not include procedural rules not affecting substantive matters, (2) Romero does not have a protected interest in procedural rules, and (3) we have the authority to give a rule prospective or retrospective application without offending constitutional principles.

## BACKGROUND

{2}     Defendant Leonard Romero was charged with an open count of murder, contrary to NMSA 1978, Section 30-2-1(A)(1) (1994); four counts of tampering with evidence, contrary to NMSA 1978, Section 30-22-5 (2003); conspiracy to commit tampering with evidence, contrary to NMSA 1978, Section 30-28-2 (1979) and Section 30-22-5; and possession of a firearm or destructive device by a felon, contrary to NMSA 1978, Section 30-7-16 (2001). Romero was arraigned in district court on October 6, 2008. Prior to October 6, 2008, an assistant public defender had already entered an appearance and asserted Romero's right to a speedy trial. Romero again asserted his right to a speedy trial in a motion to compel discovery on December 12, 2008 because he had not yet received any discovery from the State. On December 23, 2008, Romero once again asserted his due process and speedy trial rights. On January 30, 2009, Romero's new private counsel entered an appearance and asserted his speedy trial rights for the fourth time.

{3}     On March 19, 2009, the State filed a Rule 5-604 petition for an extension of time to commence trial until October 6, 2009, explaining that "the parties need more time to conduct pretrial discovery and interviews" and citing the fact that the State had not received the finalized reports from the lead detective until March 10, 2009. Romero opposed the petition. The district judge granted an extension only until July 6, 2009. On June 30, 2009, the State filed a second Rule 5-604 petition, asserting that because of newly-discovered evidence the parties needed additional time to conduct interviews. Romero concurred with this petition. The district court granted the petition, extending the time for trial until October 6, 2009.

{4}     On October 15, 2009, the State failed to appear for a pretrial conference. The State subsequently filed another Rule 5-604 petition on October 26, 2009 that was opposed by Romero. The State's petition acknowledged that it was filed after the time for trial had expired and well after the ten-day grace period for seeking an extension. However, the State contended that Rule 5-604, as amended effective September 1, 2009, authorized the district court to grant an untimely petition. The State argued that the amended rule requires the court to conduct a speedy trial violation analysis before denying a motion for an extension. Romero disagreed, arguing that analysis of the speedy trial factors is only required if the

State files a timely motion for an extension, and having failed to do so, the court was required to deny the motion and dismiss the case. The district court agreed with Romero and declined to engage in what would effectively be a speedy trial analysis because the State failed to show exceptional circumstances for filing the motion well beyond any deadlines required under Rule 5-604.

**{5}** Romero subsequently filed a motion to dismiss with prejudice under the six-month rule. During the hearing, Romero argued that under the six-month rule and existing case law at the time of the hearing he was not required to establish prejudice, because in his view his motion was not a speedy trial motion. Nevertheless, Romero did attempt to show prejudice, largely at the district judge's request. Romero pointed out that he had been kept in segregation for the past year due to the severity of the alleged crime and also argued that he had been unable to pursue a plea deal due to discovery delays and the State's failure to diligently pursue his case. At the conclusion of the hearing, the district court explained that under Rule 5-604, an untimely petition filed outside the ten-day grace period required "exceptional circumstances beyond the control of the parties or trial court." The court then concluded that there was no showing of exceptional circumstances by the State, and "[w]ithout that having happened . . . the rule does not allow [the court] to look at cause or any of the other factors" such as prejudice. The court accordingly granted Romero's motion to dismiss. At a later hearing to present the court's order, the district judge again explained that while "the defense did outline prejudice," he did not think he would even get to that prong because there had been no showing of exceptional circumstances under the rule. The district court filed its final order of dismissal with prejudice on February 17, 2010.

**{6}** The State appealed the order of dismissal to this Court pursuant to Rule 12-102(A) NMRA. *See State v. Smallwood*, 2007-NMSC-005, ¶ 11, 141 N.M. 178, 152 P.3d 821 ("we conclude that the legislature intended for us to have jurisdiction over interlocutory appeals in situations where a defendant may possibly be sentenced to life imprisonment or death"). The State contends that in *Savedra* this Court withdrew application of the six-month rule in all cases that originated in district court and that were pending at the time *Savedra* was filed. The State does not contest that the pre-*Savedra*, unmodified version of Rule 5-604 was still in effect at the time of the dismissal. Instead, the State argues that Romero's case is still "pending," and thus that *Savedra* is applicable to reverse the district court for dismissing the case under the six-month rule. Citing *State v. Morales*, 2010-NMSC-026, ¶ 9, 148 N.M. 305, 236 P.3d 24, Romero urged this Court not to apply *Savedra* to this case because to do so "would materially alter the legal duties of the respective parties after the fact."

**THE SIX-MONTH RULE DOES NOT APPLY TO ROMERO'S CASE BECAUSE IT WAS PENDING ON APPEAL ON MAY 12, 2010**

**{7}** In *Martinez*, 2011-NMSC-010, ¶¶ 2-3, this Court recently had the opportunity to clarify what we meant in *Savedra*, which stated that "effective for all cases pending as of the date this Opinion is filed, we withdraw the six-month rule provisions set forth in Rule 5-604(B)-(E)." *Savedra*, 2010-NMSC-025, ¶ 9. After detailing numerous policy

3

considerations, *Martinez* held that "the six-month rule should be withdrawn across the board for all prosecutions originating in district court, no matter at what stage of the criminal process—trial or appellate—they may have been as of May 12, 2010." *Martinez*, 2011-NMSC-010, ¶ 10. Because the State had appealed the order of dismissal and the appeal was pending as of May 12, 2010, *Savedra* is controlling in this case. Accordingly, the six-month rule does not apply to Romero's case. However, Romero is not without a remedy. As we made clear in *Savedra*, a defendant who believes that his speedy trial rights have been violated may pursue a motion to dismiss.

**WITHDRAWAL OF THE SIX-MONTH RULE FOR ROMERO'S CASE DOES NOT VIOLATE DUE PROCESS AS AN EX POST FACTO LAW**

**{8}** Romero also argues that application of *Savedra* to his case would deprive him of his due process rights under both the federal and state constitutions. *See* U.S. Const. art. I, § 10 (prohibiting states from passing any ex post facto law); N.M. Const. art. II, § 19 ("No ex post facto law . . . shall be enacted by the legislature."); *Rogers v. Tenn.*, 532 U.S. 451, 455 (2001) (explaining that "due process prohibits retroactive application of any judicial construction of a criminal statute [that] is unexpected and indefensible by reference to the law which has been expressed prior to the conduct in issue") (alteration in original) (internal quotation marks and citation omitted). In this argument, however, Romero makes two key concessions regarding the United States Constitution. First, federal due process protection only extends to ex post facto situations that do not include procedural rules, even if the amendments disadvantage defendants. *See Dobbert v. Florida*, 432 U.S. 282, 293-94 (1977). Second, a defendant does not have a protected interest in procedural rules. *Landgraf v. USI Film Prods.*, 511 U.S. 244, 275 (1994).

**{9}** In *Dobbert*, the State of Florida pursued the death penalty against Dobbert for committing a capital felony. 432 U.S. at 287. Between the time he committed the offenses with which he was charged and the time of his trial, Florida had changed the functions of the judge and the jury in the imposition of a death sentence. *Id.* at 287-88. At the time Dobbert was alleged to have committed first-degree murder, a person convicted of a capital felony was to be sentenced to death unless a majority of the jury recommended mercy. *Id.* at 288. By the time of his trial the jury's function had changed: the jury was only authorized to recommend a sentence, leaving the ultimate decision to the judge. *Id.* at 290-91. Dobbert was found guilty of a capital crime. *Id.* at 287. The jury recommended a life sentence. *Id.* The judge, however, overruled the jury recommendation and sentenced him to death. *Id.*

**{10}** Dobbert contended that depriving him of the procedure in effect at the time the crime was committed would be unconstitutional because applying the new procedure would be an ex post facto law. *Id.* The United States Supreme Court ultimately disagreed with Dobbert, concluding that the changes in the law were procedural and that applying the new procedure in Dobbert's case did not constitute an ex post facto violation. *Id.* at 293-94. The Court reasoned that the constitutional proscription against the passage of ex post facto laws did not mean that the legislature could not alter the method of procedure that does not affect

4

substantive matters. *Id.* That is, as long as the procedure does not make criminal a previously innocent act, increase the punishment, or change the proof necessary to convict the defendant, the change is not a prohibited ex post facto law. *See id.* at 292-94. This applies even though the procedural change works to the defendant's disadvantage. *Id*. at 293.

**{11}** In this case, the crimes for which Romero was indicted, the prescribed punishment, and the quantity and quality of proof required to establish his guilt beyond a reasonable doubt remained unaffected by our withdrawal of the six-month rule. Our retroactive withdrawal of the six-month rule, a procedural rule, is not an unconstitutional ex post facto law under the United States Constitution.

**{12}** Romero next argues that the due process clause of the New Mexico Constitution, Article II, Section 18, should be interpreted more broadly than its federal counterpart because "New Mexico has expressed a much stronger distrust of retroactivity than the United States Supreme Court," citing *Beavers v. Johnson Controls World Servs., Inc.*, 118 N.M. 391, 395-97, 881 P.2d 1376, 1380-82 (1994). Romero also cites Article IV, Section 34 of the New Mexico Constitution as evidence of New Mexico's stronger distrust of retroactive rule changes. Article IV, Section 34 provides that "[n]o act of the legislature shall affect the right or remedy of either party, or change the rules of evidence or procedure, in any pending case." N.M. Const. art. IV, § 34. In *Marquez v. Wylie*, this Court accepted the broad view that Article IV, Section 34 also applies to court-adopted rules, relying primarily on language from two Supreme Court orders giving the rules adopted in those orders the same effect as if they had been passed by the Legislature. 78 N.M. 544, 546, 434 P.2d 69, 71 (1967). However, as we explained in *State v. Pieri*, the plain language of Article IV, Section 34 applies only to legislative acts. 2009-NMSC-019, ¶¶ 34-35, 146 N.M. 155, 207 P.3d 1132. Since we have not affirmatively given Rule 5-604 the force and effect of a legislative act similar to the situation in *Marquez*, Article IV, Section 34 does not apply to our withdrawal of the six-month rule.

**{13}** The State asserts that Romero still retains his right to a speedy trial, and his ability to raise the speedy trial issue in the future is sufficient to afford him due process. We agree with the State. The six-month rule was implemented to "provide the courts and the parties with a rudimentary warning of when speedy trial problems may arise." *State v. Garza*, 2009-NMSC-038, ¶ 46, 146 N.M. 499, 212 P.3d 387 (internal quotation marks and citation omitted). The rule was not intended to supplement or supplant a defendant's speedy trial rights.

**{14}** We carefully analyzed the rationale for applying *Savedra* retroactively and prospectively in both *Martinez* and *Savedra*. Because we were concerned that as our jurisprudence evolved, "the six-month rule became increasingly unmoored from its constitutional and proactive origins," we exercised our inherent power to apply the rule change in *Savedra* retroactively. *Martinez*, 2011-NMSC-010, ¶ 8; *see also Lopez v. Maez*, 98 N.M. 625, 632, 651 P.2d 1269, 1276 (1982) ("It is within the inherent power of a state's

5

highest court to give a decision prospective or retrospective application without offending constitutional principles.").

**{15}** As the State points out, Romero has not been denied the opportunity to defend his case by pursuing dismissal on the basis that his speedy trial rights have been violated. In *Savedra*, although we abolished the six-month rule for cases that originated in district court, we made it clear that a defendant could still assert that his or her right to a speedy trial was violated. In this case there was not argument, analysis, nor weighing of the speedy trial factors at the district court level as suggested by the ad hoc balancing test set forth in *Garza*, 2009-NMSC-038, ¶ 13. This balancing test includes the four factors identified in *Barker v. Wingo*, 407 U.S. 514, 530 (1972): length of delay, reasons for delay, the defendant's assertion of his or her right, and any prejudice to the defendant. *Garza*, 2009-NMSC-038, ¶ 13. Therefore, Romero may assert his right to a speedy trial on remand.

**CONCLUSION**

**{16}** For the foregoing reasons, we reverse and remand to the district court for proceedings consistent with this Opinion.

**{17}   IT IS SO ORDERED.**

_____
**EDWARD L. CHÁVEZ, Justice**

**WE CONCUR:**

_____
**CHARLES W. DANIELS, Chief Justice**

_____
**PATRICIO M. SERNA, Justice**

_____
**PETRA JIMENEZ MAES, Justice**

_____
**RICHARD C. BOSSON, Justice**

**Topic Index for *State v. Romero*, Docket No. 32,283**

| AL | Administrative Law and Procedure |
|---|---|
| AL-DU | Due Process |
| AL-RU | Rules |

| | |
|---|---|
| **CT** | **Constitutional Law** |
| CT-DP | Due Process |
| CT-EX | Ex Post Facto |
| CT-ST | Speedy Trial |
| | |
| **CA** | **Criminal Procedure** |
| CA-DU | Due Process |
| CA-RD | Right to Speedy Trial |
| CA-TL | Time Limitations |
| | |
| **ST** | **Statutes** |
| ST-CN | Constitutionality |
| ST-RE | Retroactivity |