Certiorari Denied, March 23, 2012, No. 33,482

IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: 2012-NMCA-041

Filing Date: February 9, 2012

Docket No. 30,434

STATE OF NEW MEXICO,

      Plaintiff-Appellee,

v.

JOSE ANTONIO ARMENDARIZ-NUNEZ,

      Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY
Stephen Bridgforth , District Judge

Gary K. King, Attorney General
Olga Serafimova, Assistant Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## OPINION

KENNEDY, Judge.

{1}    Jose Antonio Armendariz-Nunez (Defendant) was convicted by a jury of possession of cocaine, possession of marijuana, no proof of insurance, and no evidence of registration stemming from a driving while impaired (DWI) stop, which occurred on June 6, 2009. In this appeal, Defendant challenges only his conviction for possession of cocaine. Defendant contends that (1) the district court erred in denying his motion to suppress the physical evidence found on his person because the search violated the United States Constitution and New Mexico Constitution, and (2) there was insufficient evidence to support his conviction.

For the reasons that follow, we find no error and affirm.

## I.    BACKGROUND

**{2}**    Defendant was pulled over on June 6, 2009, after he almost struck the vehicle of Deputy Eduardo Flores of the Doña Ana County Sheriff's Office. Upon approaching Defendant, the deputy detected an odor of alcohol on Defendant's breath and asked for a DWI investigator to be sent to the scene. Deputy Larry Bleimeyer arrived, conducted field sobriety tests, concluded that Defendant was under the influence, and placed him under arrest for DWI. The deputy testified that his determination that Defendant was under the influence was based upon "the odor of alcohol coming from [Defendant], . . . [b]loodshot watery eyes, slurred speech, and the [results of] standardized field sobriety tests."

**{3}**    After Defendant was placed under arrest, Deputy Bleimeyer conducted a search incident to arrest. The deputy testified that he found a dollar bill in Defendant's right pocket that was folded in a particular and unique way. In his experience, the dollar bill was folded in a way that he recognized as packaging for cocaine. The deputy asked if the dollar bill contained cocaine, and Defendant nodded "yes." The deputy then opened the folded dollar bill, exposing a white, powdery substance that was later confirmed to be cocaine. Narcotics Agent Joseph Misquez, who field tested the powder, also testified at trial and confirmed that dollar bills are often used as a way to conceal and later snort cocaine after it is made into a line.

**{4}**    In district court, Defendant filed a motion to suppress his statements made to the deputy and the cocaine found on Defendant's person. The district court excluded Defendant's statement regarding the contents of the dollar bill because he had not yet been given his *Miranda* rights, but admitted the physical evidence found on him. After a jury trial, Defendant was found guilty of possession of a controlled substance. This appeal followed.

## II.    DISCUSSION

### A.    Defendant's Motion to Suppress

**{5}**    Under both the United States and New Mexico Constitutions, Defendant argues that the district court erred in refusing to suppress the cocaine found on him. The State concedes that Defendant preserved his Fourth Amendment claim by filing and obtaining a ruling by the district court on his motion to suppress evidence. However, the State argues that Defendant's claim under the New Mexico Constitution should be rejected because he failed to show a compelling reason that Article II, Section 10 should afford more protection than the Fourth Amendment, pursuant to *State v. Gomez*, 1997-NMSC-006, ¶¶ 19-22, 122 N.M. 777, 932 P.2d 1. We interpret the State's argument as one of preservation. "To preserve a question for review[,] it must appear that a ruling or decision by the district court was fairly invoked[.]" Rule 12-216(A) NMRA.

We require parties to assert the legal principle upon which their claims are

based and to develop the facts in the trial court primarily for two reasons: (1) to alert the trial court to a claim of error so that it has an opportunity to correct any mistake, and (2) to give the opposing party a fair opportunity to respond and show why the court should rule against the objector.

*Gomez*, 1997-NMSC-006, ¶ 29. Where a state constitutional provision has previously been interpreted more expansively than its federal counterpart, trial counsel must develop the necessary factual base and raise the applicable constitutional provision in the trial court. *Id.* ¶ 22. Where the provision has never before been addressed under our interstitial analysis, trial counsel additionally must argue that the state constitutional provision should provide greater protection and suggest reasons why "a flawed federal analysis, structural differences between state and federal government, or distinctive state characteristics." *Id.* ¶ 19.

**{6}** Here, Defendant was required to meet the less stringent of *Gomez*'s preservation requirements because "a plethora of precedent already interprets Article II, Section 10 more expansively than the Fourth Amendment." *State v. Leyva*, 2011-NMSC-009, ¶ 50, 149 N.M. 435, 250 P.3d 861 (quoting *State v. Garcia*, 2009-NMSC-046, ¶ 52, 147 N.M. 134, 217 P.3d 1032 (Bosson, J., specially concurring)). Defendant met this requirement by citing both the Fourth Amendment and Article II, Section 10 and by stating that the New Mexico Constitution provides him with greater protections from unreasonable searches and seizures. Defendant's Article II, Section 10 argument was preserved, and we therefore analyze his claim under both the United States and New Mexico Constitutions.

> The review of a denial of a motion to suppress presents a mixed question of fact and law. We review the factual basis of the court's ruling for substantial evidence, deferring to the district court's view of the evidence. When, as here, there are no findings of fact and conclusions of law, we draw all inferences and indulge all presumptions in favor of the district court's ruling. Our review of the legal conclusions of the district court . . . is de novo.

*State v. Williams*, 2011-NMSC-026, ¶ 8, 149 N.M. 729, 255 P.3d 307 (internal quotation marks and citations omitted).

**{7}** "Both the Fourth Amendment to the United States Constitution and Article II, Section 10[] of the New Mexico Constitution protect the right of the people to be free from unreasonable searches and seizures." *State v. Gutierrez*, 2004-NMCA-081, ¶ 6, 136 N.M. 18, 94 P.3d 18. "The Fourth Amendment requires all searches and seizures be executed in a reasonable manner. Reasonableness depends on a balance between the public interest and the individual's right to personal security free from arbitrary interference by law officers." *Williams*, 2011-NMSC-026, ¶ 10 (internal quotation marks and citations omitted).

**{8}** Under the New Mexico Constitution, "[a] search incident to a lawful arrest may fall under an exception to the warrant requirement . . . if the State meets its burden of proving that the search occurs as a contemporaneous incident to the lawful arrest of the defendant and is confined to the area within the defendant's immediate control." *State v. Arredondo*,

1997-NMCA-081, ¶ 27, 123 N.M. 628, 944 P.2d 276, *overruled on other grounds by State v. Steinzig*, 1999-NMCA-107, 127 N.M. 752, 987 P.2d 409. "A search incident to arrest is a reasonable warrantless search because courts have long acknowledged that the societal interest in preventing the destruction of evidence and protecting the arresting officer outweighs the minimal intrusion of a pat- down." *Williams*, 2011-NMSC-026, ¶ 13; *see State v. Rowell*, 2008-NMSC-041, ¶ 13, 144 N.M. 371, 188 P.3d 95.

**{9}** Here, Defendant does not challenge the arrest, nor does he challenge whether the dollar bill found in his pocket was within his immediate control. Instead, he challenges the search and claims that the dollar bill was not found pursuant to a valid search incident to arrest. We read Defendant's argument as a challenge to the reasonableness of the search.

**{10}** "Our search incident to arrest exception is a rule of reasonableness anchored in the specific circumstances facing an officer." *Rowell*, 2008-NMSC-041, ¶ 24. Our court has "eschewed bright-line rules [and] instead emphasiz[ed] the fact-specific nature of the reasonableness inquiry." *Arredondo*, 1997-NMCA-081, ¶ 28 (alterations in original) (internal quotation marks and citations omitted). Once probable cause to arrest is established, reasonableness is the governing inquiry. *See Rowell*, 2008-NMSC-041, ¶ 24; *State v. Burgholzer*, 59 P.3d 582, 585 (Or. Ct. App. 2002). ("We do not agree that the search of a particular place, or the opening of a container, during a search incident to a lawful arrest must be supported by probable cause. Rather, . . . once an officer has probable cause to support the arrest, the proper inquiry is the *reasonableness* of the time, scope, and intensity of the search for evidence of the crime for which the defendant is being arrested.").

**{11}** Our Supreme Court has recognized that "officers may draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them that might well elude an untrained person." *State v. Neal*, 2007-NMSC-043, ¶ 21, 142 N.M. 176, 164 P.3d 57 (internal quotation marks and citation omitted). "Courts defer to the training and experience of the officer when determining whether particularized and objective indicia of criminal activity existed." *Leyva*, 2011-NMSC-009, ¶ 23 (internal quotation marks and citation omitted). We therefore examine the evolving circumstances facing the officer and consider whether "the officer's . . . actions were fairly responsive to the emerging tableau—the circumstances originally warranting the stop, informed by what occurred, and what the officer learned, as the stop progressed." *State v. Funderburg*, 2008-NMSC-026, ¶ 27, 144 N.M. 37, 183 P.3d 922 (internal quotation marks and citation omitted); *see State v. Sewell*, 2009-NMSC-033, ¶ 22, 146 N.M. 428, 211 P.3d 885; *State v. Duran*, 2005-NMSC-034, ¶ 36, 138 N.M. 414, 120 P.3d 836, *overruled on other grounds by Leyva*, 2011-NMSC-009.

> Objects commonly associated with particular criminal activities can reasonably give rise to inferences that are distinct from objects ordinarily used for benign, non-criminal purposes. An officer's experience and training, considered within the context of the incident, may permit the officer to identify drug paraphernalia or drug packaging with a reasonable level of probability, sufficient for probable cause.

*State v. Ochoa*, 2004-NMSC-023, ¶ 13, 135 N.M. 781, 93 P.3d 1286.

**{12}** Here, Defendant was pulled over after almost striking the vehicle of Deputy Flores, who then called for Deputy Bleimeyer, a DWI investigator, to be sent to the scene. The deputy smelled alcohol on Defendant's breath, conducted field sobriety tests, determined that he was under the influence, and placed him under arrest. During the search incident to arrest, the deputy found a dollar bill folded in a way that he recognized as packaging for cocaine. As the stop progressed, the circumstances facing the deputy changed. In such a situation, we have never required an officer to close his eyes to evidence which his training and experience tell him is a container of narcotics. *See State v. Ramirez*, 79 N.M. 475, 478-79, 444 P.2d 986, 989-90 (1968) ("A majority of the cases in which the question has arisen hold that officers who search incidental to a lawful arrest may seize things incidental to another and wholly unrelated offense which may be uncovered by such a search."). Our Court also has never limited the search incident to a DWI arrest for weapons and alcohol, as it appears that Defendant asks us to do here. This is because relevant evidence can take many forms. *See State v. Barela*, 88 N.M. 446, 447, 541 P.2d 435, 436 (Ct. App. 1975) (holding that, during a search incident for arrest for public drunkenness, an officer had both the authority to search an eye glass case found during the search, and the right to open it in order to effectuate the search). In this case, the deputy was entitled to search Defendant's pockets incident to arrest because his pockets may have contained any number of different items that could be evidence of the crime. The deputy found cocaine and marijuana on Defendant's person, which the deputy may have reasonably thought could have contributed to Defendant's intoxicated state.

**{13}** We disagree with Defendant's argument that the cocaine was not evidence of the DWI crime for which he had been arrested. *See* NMSA 1978, § 66-8-102(B) (2008) (amended 2010); *State v. Aleman*, 2008-NMCA-137, 145 N.M. 79, 194 P.3d 110 (affirming the defendant's conviction for driving while under the influence of cocaine). While the deputy observed that Defendant smelled of alcohol, there was no indication that other substances could not have contributed to his intoxicated state. As the State points out, both alcohol and marijuana emit a distinct odor, while cocaine and many other controlled substances do not. The discovery of a particular drug on a suspect's person could be relevant evidence that the suspect may be under the influence of that drug and, therefore, may be appropriately seized.

**{14}** Finally, we also disagree that the physical evidence should have been excluded as fruit of the poisonous tree because, as Defendant argues, "[t]he only reason that the deputy opened the dollar bill was because [Defendant] told him, in a statement excluded by the trial court, that the dollar bill had [cocaine] inside of it." However, as discussed above, because the deputy had an independent basis for the seizure and search of the folded dollar bill, the fact that Defendant confirmed the deputy's opinion of what he was about to discover is insignificant.

**B.    Sufficiency of the Evidence**

**{15}** Defendant additionally argues, pursuant to *State v. Franklin*, 78 N.M. 127, 428 P.2d

982 (1967), and *State v. Boyer*, 103 N.M. 655, 712 P.2d 1 (Ct. App. 1985), that the evidence presented at trial was insufficient to result in his conviction for possession of a controlled substance. We are unconvinced.

**{16}** Our review of a sufficiency of the evidence question involves a two-step process. *See State v. Apodaca*, 118 N.M. 762, 766, 887 P.2d 756, 760 (1994). Initially, we view the evidence in the light most favorable to the verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict, and then we must "make a legal determination of whether the evidence viewed in this manner could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt." *Id.* (internal quotation marks and citation omitted). "The question is whether the [conviction] is supported by substantial evidence, not whether the [fact finder] could have reached a different conclusion." *In re Ernesto M., Jr.,* 1996-NMCA-039, ¶ 15, 121 N.M. 562, 915 P.2d 318; *see State v. Mora*, 1997-NMSC-060, ¶ 27, 124 N.M. 346, 950 P.2d 789 ("The reviewing court does not weigh the evidence or substitute its judgment for that of the fact finder as long as there is sufficient evidence to support the verdict."), *abrogated on other grounds as recognized by Kersey v. Hatch*, 2010-NMSC-020, 148 N.M. 381, 237 P.3d 683.

**{17}** To convict Defendant of possession of a controlled substance, the State was required to prove that (1) Defendant had cocaine in his possession; and (2) Defendant knew it was cocaine or believed it to be some drug or other substance, the possession of which is regulated by law. Here, Deputy Bleimeyer conducted a search incident to the arrest of Defendant and found a uniquely folded dollar bill in his pocket. The deputy unfolded the dollar bill and uncovered a white, powdery substance, which was later confirmed to be cocaine. Additionally, both the deputy and Agent Misquez testified that dollar bills are often used as a way to conceal and later ingest cocaine.

**{18}** This evidence is sufficient for a reasonable jury to conclude that the evidence found on Defendant was cocaine and, based on the peculiar packaging and its location inside his pocket, he was aware that the substance was cocaine or another controlled substance. Viewing the facts in the light most favorable to the State, we hold that there was sufficient evidence to support Defendant's conviction.

## III. CONCLUSION

**{19}** For the foregoing reasons, we conclude that the folded dollar bill found on Defendant's person was validly seized and searched, pursuant to a reasonable search incident to arrest under the United States Constitution and New Mexico Constitution, and there was sufficient evidence to support his conviction for possession of cocaine. We affirm the district court's denial of Defendant's motion to suppress and affirm his convictions.

**{20}    IT IS SO ORDERED.**

**RODERICK T. KENNEDY, Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**CYNTHIA A. FRY, Judge**

**Topic Index for _State v. Armendariz-Nunez_, Docket No. 30,434**

| **AE** | **APPEAL AND ERROR** |
| --- | --- |
| AE-PA | Preservation of Issues for Appeal |
| AE-SB | Substantial or Sufficient Evidence |
| | |
| **CT** | **CONSTITUTIONAL LAW** |
| CT-DJ | Double Jeopardy |
| CT-FA | Fourth Amendment |
| CT-IT | Interstitial Analysis |
| CT-NM | New Mexico Constitution, General |
| CT-SU | Suppression of Evidence |
| | |
| **CL** | **CRIMINAL LAW** |
| CL-CL | Controlled Substances |
| | |
| **CA** | **CRIMINAL PROCEDURE** |
| CA-MR | Motion  to Suppress |
| CA-SE | Substantial or Sufficient Evidence |
| CA-SZ | Search and Seizure |
| CA-WS | Warrantless Search |