This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38785**

**SARA SANCHEZ,**

Petitioner-Appellee,

v.

**HONORABLE WILLIAM M. MAST,**
**in his official capacity as a Sandoval**
**County Magistrate Judge,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**George P. Eichwald, District Judge**

Bennett J. Baur, Chief Public Defender
Kimberly Chavez Cook, Appellate Defender
Santa Fe, NM

for Appellee

Hector H. Balderas, Attorney General
Amy Landau, Assistant Attorney General
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** Respondent, Honorable William Mast, appeals from the district court's order that granted a petition for writ of certiorari, mandamus, and superintending control and dismissed a criminal action before Judge Mast for violation of the six-month rule. Persuaded that the district court issued the writ in error, we proposed to reverse in a notice of proposed summary disposition. Petitioner has responded with a memorandum in opposition to our notice. Unpersuaded, we reverse.

**{2}** Because neither Petitioner nor the district court identified which of the three writs listed were sought and granted, our notice reviewed the propriety of the writs sought and proposed to conclude that none would be properly granted in this case. In response to our notice, Petitioner contends that the district court's power of supervisory control involves the same power to issue writs of superintending control to inferior courts as the New Mexico Supreme Court's power of superintending control, and the district court's writ was a proper exercise of its power of superintending or supervisory control, because there was no adequate remedy at law and Judge Mast pitted substantial rights against each other. [MIO 7-16] Second, Petitioner contends that the writ could also be affirmed as a writ of mandamus because the duty to dismiss for violation of the six-month rule was nondiscretionary. [MIO 16-17]

**{3}** Even assuming the district court's power of supervisory control involves the power to control the course of ordinary litigation in magistrate court, we are not persuaded that granting the writ to address the magistrate court's order extending the time for trial in this case would be a proper use of the power of superintending control because Petitioner's right to a de novo appeal is an adequate remedy at law. *See State ex rel. Schwartz v. Kennedy*, 1995-NMSC-069, ¶ 7, 120 N.M. 619, 904 P.2d 1044 (explaining that the Supreme Court's "power of *superintending* control is extraordinary" and entails the "power to control the course of ordinary litigation [of] inferior courts" (emphasis added) (internal quotation marks and citation omitted)); *id.* ¶ 8 ("We have traditionally limited our exercise of the power of superintending control to exceptional circumstances, such as cases in which the remedy by appeal seems wholly inadequate or where otherwise necessary to prevent irreparable mischief, great, extraordinary, or exceptional hardship, or costly delays and unusual burdens of expense." (alteration, omission, internal quotation marks, and citation omitted)). Contrary to Petitioner's assertion [MIO 10-11], in a de novo appeal, the district court would apply Rule 6-506 NMRA, the magistrate court's six-month rule, to the facts as they existed in magistrate court to determine "whether the magistrate court rules were followed." *See State v. Sharp*, 2012-NMCA-042, ¶ 5, 276 P.3d 969. Indeed, de novo review in district court provides an independent assessment of the magistrate court's ruling, affording no deference to the magistrate court's findings. *See id.*

**{4}** In de novo appeals filed by defendants convicted in magistrate courts, district courts commonly review denials of motions to dismiss pursued under the magistrate court's six-month rule. *See, e.g., id.* ¶ 1 (involving the state's appeal to this Court from a district court's dismissal of magistrate court charges for violation of Rule 6-506 in a defendant's de novo appeal in district court and remanding for an independent assessment by the district court of whether the six-month rule warranted dismissal); *see also State v. James*, 2017-NMCA-053, ¶ 1, 399 P.3d 930 (reviewing the district court's dismissal of charges under the magistrate court's six-month rule in a de novo appeal); *State v. Dorais*, 2016-NMCA-049, ¶¶ 1-2, 14, 18-19, 370 P.3d 771 (reviewing the district court's de novo ruling on the defendant's motion to dismiss for violation of the magistrate court's six-month rule).

**{5}**     We are not persuaded by Petitioner's unsupported contention that a writ is the preferred avenue to address an alleged six-month rule violation or her arguments likening an alleged violation of the six-month rule to a double jeopardy challenge to a successive prosecution and a probable cause challenge to an indictment, where a clear constitutional right will be lost if not raised and addressed immediately. [MIO 11-13] The New Mexico Supreme Court has made it clear that the six-month rule does not involve a substantive or constitutional right. *State v. Romero*, 2011-NMSC-013, ¶¶ 1, 8, 10, 13, 150 N.M. 80, 257 P.3d 900. The Supreme Court characterized the six-month rule as a procedural rule that does not affect substantive matters, does not involve due process or other constitutional rights, and in which "a defendant does not have a protected interest." *Id.* ¶ 8. It clarified that "[t]he six-month rule was implemented to provide the courts and the parties with a rudimentary warning of when speedy trial problems may arise." *Id.* ¶ 13 (internal quotation marks and citation omitted). We also note that unlike denials of motions to dismiss under the six-month rule, defendants have the right to immediate, pretrial appeal from the denial of motions to dismiss based on successive prosecution, double jeopardy grounds. *See State v. Apodaca*, 1997-NMCA-051, ¶ 17, 123 N.M. 372, 940 P.2d 478. Also unlike denials of motions to dismiss under the six-month rule, the Supreme Court has explained that the appropriate manner in which to challenge grand jury proceedings or a probable cause determination is to file a pretrial motion to quash the indictment, seek interlocutory appeal of the district court's ruling, and file a petition for an extraordinary writ with the Supreme Court, because otherwise there is no adequate remedy for the defendant post-indictment. *See State v. Bent*, 2012-NMSC-038, ¶¶ 20-22, 29, 289 P.3d 1225.

**{6}**     For these reasons, we are not persuaded that the relief available to Petitioner in a de novo appeal from magistrate court is at all inadequate and emphasize the New Mexico Supreme Court's admonishment that "extraordinary writs should not be used as a substitute for a decision on direct or interlocutory appeal." *See id.* ¶ 31 (internal quotation marks and citation omitted); *see also* NMSA 1978, § 35-13-1 (1975) (providing aggrieved defendants with the statutory right to appeal to the district court from a final order of the magistrate court); NMSA 1978, § 35-13-2(A) (1996) ("Appeals from the magistrate courts shall be tried de novo in the district court.").

**{7}**     Given our conclusion that Petitioner has the adequate remedy at law of a statutory right to a de novo appeal in district court, in which the district court would independently review the magistrate court's denial of Petitioner's motion to dismiss, it follows that a writ of mandamus also is not properly granted in this case. *See* NMSA 1978, § 44-2-5 (1884) ("The writ [of mandamus] shall not issue in any case where there is a plain, speedy and adequate remedy in the ordinary course of law."); *Hoyt v. State*, 2015-NMCA-108, ¶ 16, 359 P.3d 147 ("Mandamus is a creature of statute, and its regulating statutes can be found at NMSA 1978, Sections 44-2-1 to -14 [(1887)]."); *see Sharp*, 2012-NMCA-042, ¶¶ 1-2, 5, 13 (explaining that a de novo appeal in district court requires an independent assessment of the magistrate court's denial of dismissal under Rule 6-506).

**{8}** For the reasons set forth in this opinion and in our notice, we reverse the district court's order granting the petition for a writ of certiorari, mandamus, and supervisory control with instructions for the district court to remand the case to magistrate court for further proceedings.

**{9}** **IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**JANE B. YOHALEM, Judge**