## ANTONIO MARIA ARMIJO *v*. THE TERRITORY OF NEW MEXICO, IN RE JESUS BACA AND JAMES STORY.

MANDAMUS, AWARDING OF, WITHOUT NOTICE.—A judgment of the district court awarding a peremptory mandamus against a party, without giving him notice or an opportunity to defend, is unauthorized by law.

MANDAMUS, ISSUANCE OF, IN VACATION.—The authority of a district judge to award a writ of mandamus in vacation is very questionable.

ERROR from Socorro county. The case is stated in the arguments of counsel and in the opinion.

*T. B. Catron*, for the plaintiff in error. This is an action where the defendants in error applied to the court below in vacation for a writ of mandamus on the plaintiff in error, to compel him to do certain acts as mayordomo of an acequia. An order was made by the judge in vacation, on which the clerk of the court issued a peremptory mandamus as prayed for, to the plaintiff in error, without any rule to show cause, and at the first regular term of the court thereafter an order was entered without notice to the defendant in the court below, making said writ of mandamus perpetual, and also applying it to all of his successors in office. 1. The judge, in vacation, has no jurisdiction to entertain the petition, make the order, or allow the issuance of the writ: See 6 Pet. 102. 2. The practice is to enter a judgment granting the writ, which can only be issued by a court in term time: 7 Wheat. 534. 3. The first writ issued should have been an alternative writ, and not peremptory: Moses on Mand. 203. 4. A peremptory writ may, where the moving papers preclude the possibility of any valid excuse being consistent with the facts therein contained, be issued in the first instance, and without the previous issuing of an alternative writ. This, however, can only be done where the parties have been fully heard, etc.: Id. 222. 5. The writ can not be first issued and then judgment entered; nor a decree take the place of a common law judgment. The writ is admitted to be a common law writ. 6. Said writ commands things to be done for which it shows no basis: Id. 203, 206.

*S. A. Hubbell*, for the defendants in error. This is a cause brought by petition in the district court in the nature of a petition in equity. The petition was presented to the judge at chambers, and contained a prayer for relief against the alleged arbitrary and unlawful acts of the plaintiff in error, who was at the time a public officer. An order was made by the judge at chambers on which the clerk of the court issued a writ of injunction and mandamus, to which return was made. An answer to the petition was filed in vacation. At the first regular term of the court thereafter

judgment and decree was rendered on the petition and answer. The petition was presented at chambers, and an order for relief granted. Such is the ordinary practice in courts of chancery. The writ issued was a writ of injunction and mandamus, and was properly issued in that form, because the distinctive jurisdiction between common law courts and chancery courts is abolished by statute: Comp. Laws, secs. 5, 6, p. 192. In cases where the probable ground is manifest and the injury complained of is imminent and likely to result in irreparable injury, damage, or wrong, the writ will be immediately issued: 1 Swift Dig. 564. The writ may issue to any public officer requiring him to do some particular act which appertains to his office or duty. Mayordomos of public ditches are public officers: 20 Comp. Laws, secs. 9–13, 15, p. 200. In England the writ of mandamus is awarded by the chambers. See *Ex parte Crane*, 5 Pet. 190. In the United States writs of mandamus issue in all cases warranted by the principles and usages of law: 1 U. S. Stat. at Large, 80.

By Court, PALEN, C. J.:

It appears from the record in this cause, that all the proceedings in the district court were *ex parte*, and without notice to the defendant, the plaintiff in this court, and that the proceedings prior to the final judgment were had at chambers, in vacation, when no term of the district court was in session. It is beyond question that the order or judgment of the district court awarding the peremptory mandamus in this cause is unauthorized by law, having been made without notice to the defendant, Armijo, and without affording him an opportunity to be heard; and the final judgment of the court rendered in term is erroneous for the same reason. The court is therefore relieved from the necessity of passing upon the question of the authority of the district judge to award the writ of mandamus in vacation. It may be allowable, however, to state that in the opinion of the court such authority is questionable.

The judgment of the district court must be reversed with costs, and the cause remanded with directions to the district court, to dismiss the proceedings at the cost of the relators.