ELLIS *et al.* v. ARMSTRONG *et al.*

No. 1801.   Opinion Filed January 10, 1911.

Rehearing Denied March 21, 1911.

(114 Pac. 327.)

1.  MANDAMUS—Sufficiency of Motion.  In mandamus, pursuant to Wilson's St. Okla., sec. 4888, it is unnecessary to allege in the motion the eligibility of the parties stated therein to have been elected to office.

2.  MANDAMUS—Grounds of Relief—Recognition of Officers. Where relators show prima facie title to the office, they are entitled to the aid of mandamus to compel their recognition as members of the board of trustees of an incorporated town and their right to officially participate in its deliberations.

3.  MANDAMUS—Pleading—Answer.  Where, in mandamus, pursuant to Wilson's St. Okla., sec. 4888, defendants, by appearing, waive the issuance of the alternative writ and the rule to show cause, and demur, the court will treat such pleading as an answer admitting the facts recited in the motion, and apply the law thereto.

(Syllabus by the Court.)

*Error from District Court, Texas County; R. H. Loofbourrow, Judge.*

Mandamus by O. C. Armstrong and others against G. L. Ellis and others. Judgment for plaintiffs, and defendants bring error. Affirmed.

*Wm. Clark,* for plaintiffs in error.

*M. G. Wiley* and *Wiley & Edens,* for defendants in error.

TURNER, J. On June 16, 1910, O. C. Armstrong, John Houston, and H. E. Quisenberry, defendants in error, as plaintiffs, filed in the district court for Texas county at Guymon, upon affidavit, what is indorsed as a "motion for writ of mandamus," naming G. L. Ellis, W. W. Irvin, and J. N. McEnulty, trustees of the town of Hooker, plaintiffs in error, parties defendant. Therein plaintiffs substantially state that defendants are members of the board of trustees of said incorporated town in said county, and that said Ellis is the president of said board; that plaintiffs are also members of said board, being each duly elected to the office of trustee of said incorporated town at the general election held therein for the election of said trustees on the first Tuesday in April, 1910, and that each of them received his certificate of election to said office; that said Armstrong was elected as such trustee from the First, Quisenberry from the Second, and Houston from the Third, ward of said town; that neither plaintiff had an opponent in said election and each received a majority of the votes cast by the electors voting therein for candidates for said office. They filed their respective certificates of election and oaths of office as part of said motion, and further allege that after being elected as aforesaid, and before the first Monday in May, 1910, each of said plaintiffs received his said certificate and qualified as trustee by taking said oath of office and filing same in the office of the town clerk of said town; that defendants are and ever since the first Monday in May, 1910, have been, assuming to act as the board of trustees of said town independent of plaintiffs and refuse to recognize plaintiffs as members thereof, and to allow

them to participate in its proceedings, without lawful cause or excuse; and they pray that a writ of mandamus issue directing defendants and each of them to allow plaintiffs and each of them to have their names placed upon the roll of the board of trustees of said town and to recognize plaintiffs as members of said board and permit them to sit as such and officially participate in its deliberations and proceedings, and for their cost. On the same day, in the absence of the alternative writ or a rule to show cause, defendants filed a general demurrer to said motion, which the court overruled, whereupon defendants excepted and asked leave to answer, which was by the court refused, and after again excepting, and the peremptory writ had run, defendants bring the case here, and assign for error the overruling of their demurrer. As Wilson's St. Okla. 1903, §§ 4888,4890, provide that the motion for the writ must be made upon affidavit, that the court may require notice of the application to be given to the adverse party who may show cause by answer as to a petition in a civil action, and that no pleading or written allegation other than an answer is allowed, the effect of defendants' appearance was a waiver of the alternative writ and a rule to show cause, and the demurrer must be treated as an answer to a petition in a civil action. That is, as admitting the facts stated and invoking the court's application thereto of the law. This seems to be in keeping with the practice laid down in *Rider v. Brown et al.,* 1 Okla. 244, 32 Pac. 341, and *Beadles v. Fry et al.,* 15 Okla. 428, 82 Pac. 1041, 2 L. R. A. (N. S.) 855. The question, then, is whether the petition states facts sufficient to show that plaintiffs are entitled to the writ as a clear legal right.

In support of their demurrer, defendants urge that the motion fails to state the eligibility of plaintiffs to hold the office of trustee of the town of Hooker, in that it fails to allege that they are citizens of said town and residents of the First, Second, or Third wards thereof. This was unnecessary, and, if alleged, an issue joined thereon could not have been properly tried in this proceeding. High on Ex. Legal Rem. pp. 74, 75, says:

"Upon the application for mandamus, the court will not go behind the certificate of election and try the relator's actual title. It is therefore wholly immaterial whether the relator was eligible to the office in question or whether he was duly elected thereto, since to try such issues would be to determine the title upon proceedings in mandamus, which the courts will never do."

In *State v. Jaynes,* 19 Neb. 161, 26 N. W. 711, the court said:

"The relator's cause of action consists solely in his having been canvassed in, declared elected, awarded a certificate of election, taken the oath, and given the bond required by law. * * * It was quite unnecessary for him to have alleged any other facts than these in his relation, nor would the denial and disproving of any other facts by the respondent defeat the action."—*State ex rel. v. Johnson,* 35 Fla. 2, 16 South. 786, 31 L. R. A. 357.

As plaintiffs, by virtue of their certificates of election and the allegation that they, in effect, had qualified according to law, showed *prima facie* title to the office (*Cameron v Parker,* 2 Okla. 277, 38 Pac. 14), and it appeared by proper allegation that respondents refused to recognize them as members of the board and permit them, as such, participation in its affairs, mandamus was the proper remedy to compel such recognition. *Malney v. King,* 20 Okla. 22, 93 Pac. 737; *Eberle v. King,* 20 Okla. 49, 93 Pac. 748; 26 Cyc. 257.

The demurrer was therefore properly overruled, and, as it was in effect an answer, we cannot say the court erred in refusing permission to file another, especially as the answer tendered, being no part of the record, is not properly before us, defendants having come up by transcript of the record.

Affirmed.

All the Justices concur.