241 P.2d 100

STATE ex rel. FITZHUGH v. CITY COUNCIL OF CITY OF HOT SPRINGS et al.

No. 5414.

Supreme Court of New Mexico.

Feb. 21, 1952.

Douglass K. FitzHugh, Truth or Consequences, for appellant.

Nils T. Kjellstrom, Truth or Consequences, for appellees.

COMPTON, Justice.

Relator brought this action in mandamus to compel respondents to issue certificates of indebtedness, covering the cost incurred by him in laying sewer mains in the City of Hot Springs, New Mexico.

Upon filing the petition, there was issued an alternative writ of mandamus commanding respondent to take appropriate action to issue certificates of indebtedness pursuant to the provisions of Section 14–3634, N.M.S.A.1941 Comp., or show cause on a day named why the alternative writ should not be made permanent. Section 14–3634 reads: "Extension of water and sewer systems by property-owners—Petition—Resolution—Supervision of engineer.

—Any property-owner or owners in any incorporated city or town in the state of New Mexico, which city or town owns and operates its own water or sewer system, may petition, in writing, the city council or other governing body of said city or town for permission to lay, at his or their expense, water and sewer mains in the streets and alleys within the corporate limits of said city, and connect the same with the existing water or sewer mains of said city. Said petition shall be signed by said property-owners and filed with the city council or other governing body, and to be by it considered at any regular or special meeting of said city council or other governing body; *and if said petition is granted and permission given to extend such sewer or water system, it shall be by resolution of said city council or other governing body,* which said resolutions shall direct the manner of construction of said sewer or water system, and the same shall be done under the direction and with the approval of the city engineer of said city or town and in accordance with the plans and specifications submitted by said engineer, and when completed according to such plans and specifications, the same shall pass to the city and become city property and under the city's control when ready for operation. (Laws 1909, ch. 41, § 1; Code 1915, § 3713; C.S. 1929, § 90–2309.)" (Emphasis ours.)

Respondents filed a motion to dismiss the writ on the ground that "the allegations in said alternative writ of mandamus failed to state a cause of action in that the allegations in said writ do not show that all of the requirements as set forth under the provisions of Sec. 14–3634, N.M.S.A.1941, have been complied with."

Subsequently, the motion was overruled and, leave having been granted, respondents filed an answer denying that relator had been authorized to lay and extend sewer mains as set forth in the writ. The cause came on for trial upon the alternative writ and answer, and at the conclusion of the hearing, judgment dismissing the alternative writ was entered, from which relator appeals.

The trial court made the following findings of facts:

1. On May 3, 1949, the relator entered into a contract with P. R. Burn, Contractor, for the laying of sewer mains in the streets and alleys within the corporate limits of the City of Hot Springs, New Mexico, for the purpose of servicing the house of the relator and the respondents were not parties to said contract.

2. On May 18, 1949, the relator presented to the City Council of Hot Springs, New Mexico, a property owner's petition for permission to lay sewer mains and connect the same with the existing sewer mains and on the same date, presented a proposed resolution by him prepared for the consideration of the City Council.

3. At the meeting of said Council on May 16, 1949, the members present told him that all funds for the purpose of laying sewers had been exhausted and they were therefore without funds with which to pay for the laying of the sewer mains requested by the relator. By reason of such lack, among other things, no action was taken on said petition at such meeting or at any other time but it is still held under advisement with the City Council.

4. At no time did the City Council agree to pay for installation of said mains by the relator.

5. The members of the City Council did not at the meeting of May 16, 1949, or at any other time either expressly or impliedly consent to pay for the mains of the relator and on the contrary merely stated the matter would be taken under advisement.

6. The City Council did not by resolution give Mr. FitzHugh permission to extend said sewer system nor grant his petition; nor did the City Council by resolution or otherwise direct the manner of construction of said sewer. After the City Council at said meeting had failed and refused to adopt any resolution granting said petition or giving such permission to the relator, and after the resolution prepared and proposed by relator had been laid aside with the mere statement that it would be taken under advisement, the relator FitzHugh, of his own initiative and at his own risk went ahead with the sewer construction.

7. The relator FitzHugh knew, or by reasonable diligence and inquiry could have learned and known, that the City Council had not at any time passed the resolution in such cases provided by law (Sec. 14–3634, N.M.S.A.1941) to be passed.

8. After the completion of the sewer construction in question, about June ———, 1949, a certificate by the engineer in charge, relator's exhibit No. 2, was presented to the City Clerk who upon the request of the one presenting it, indicated receipt thereof upon the instrument, and said certificate so marked was then taken by such person to the bank to obtain release of money there held under the terms of the agreement between FitzHugh and Burn, to be paid on said construction costs. This said certificate was not presented to the City Council as such at any time.

9. It was never the intent on the part of the City Council to take such steps in this case by resolution or otherwise as would bind the city for the payment of the construction of the sewer in question under provisions of Chapter 41, Laws of 1909 (Secs. 14–3634–3635–3636, N.M.S.A.1941) and it took no steps from which such intention reasonably could have been implied by the relator.

We have examined the record and are convinced that the findings are supported by substantial evidence. Consequently, the facts so found by the trial court are the facts upon which the case must rest. Sundt v. Tobin Quarries, Inc., 50 N.M. 254, 175 P.2d 684, 169 A.L.R. 586; Koprian v. Mennecke, 53 N.M. 176, 204 P.2d 440; Brown v. Cobb, 53 N.M. 169, 204 P.2d 264.

Relator contends that the motion raises legal questions only and that upon dismissal, the court should have rendered judgment for relator. Section 26–111, N.M. S.A.1941, reads: "Pleadings allowed—Proceedings as in civil actions.—No other pleading or written allegation is allowed than the writ and answer. They shall be *construed and amended in the same manner as pleadings in a civil action,* and the issues thereby joined shall be tried and further proceedings had in the same manner as in a civil action." (Emphasis ours.)

We agree that the motion to dismiss is not an appropriate pleading, but the courts frequently construe pleadings raising legal questions as an answer, admitting the facts stated therein and invoking the court's application of the law thereto. State ex rel. Chesher v. Beall, 41 N.M. 652, 73 P.2d 329; State ex rel. Garcia v. Board of Commissioners of Rio Arriba County, 21 N.M. 632, 157 P. 656; State ex rel. Dawson v. Dinwiddie, 186 Okl. 63, 95 P.2d 867; Ellis v. Armstrong, 28 Okl. 311, 114 P. 327.

It is further contended that the court erred in allowing an answer to be filed after the return day of the writ. The office of mandamus is to afford a speedy remedy and to avoid delay. This does not mean, however, that the court is without power to extend the time within which a respondent may answer, or that the answer may not be amended. Sections 26–109, 26–111, N.M.S.A.1941 Comp. Obviously, the trial court treated the answer as an amendment and we think properly so. Leave to amend should be freely given when justice demands. Rule 15, our Rules of Civil Procedure.

The parties stipulated that after relator installed the sewer extensions, respondents accepted the same and thereafter exercised ownership and proprietorship over it, and rendered relator bills for sewer service, which were paid by him. Relator claims that by reason of the stipulations, respondents are estopped to deny liability. We do not agree. Estoppel largely rests upon injury or prejudice to the rights of the party asserting it. It cannot be based upon representations which tend to induce a party to do an act which he is already legally bound to do, nor can conduct be made the basis of estoppel where changed condition has previously taken place. Barnett v. Kemp, 258 Mo. 139, 167 S.W. 546, 52 L.R.A.,N.S., 1185; Wills v. Investors' Bankstocks Corporation, 257 N.Y. 451, 178 N.E. 755, 78 A.L.R. 1013.

"* * * estoppel by conduct * * * arises: Where a party has been induced by the conduct of another to do, or forbear doing, something he would not have, or would have, done but for such conduct; where the conduct of a party has resulted in disadvantage to the opposite party or advantage to himself; or from an act or declaration of a person intended or calculated to mislead another on which such other person has relied, and has so acted, or refrained from acting, that injury will befall him if the truth of the act or declaration be denied. * * *" 31 C.J.S., Estoppel, § 59, page 240.

Relator does not belong to the class of persons coming within the rule. At the very time he presented his petition, he had previously obligated himself to P. R. Burn, the contractor, to pay for the extension to be laid by him. Moreover, he was advised that funds were not available to pay for the proposed extension and that his petition would stand in abeyance. These facts disclose that his condition was not worsened by reason of respondents' acts. In this circumstance, he cannot claim injury or prejudice entitling him to invoke the doctrine.

The judgment will be affirmed and it is so ordered.

LUJAN, C. J., and SADLER, McGHEE and COORS, JJ., concur.