# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: _____

Filing Date:       June 30, 2015

**NO. 32,762**

**SHARON HOYT**,

        Plaintiff-Appellee,

v.

**STATE OF NEW MEXICO,**
**NEW MEXICO OFFICE OF THE**
**MEDICAL INVESTIGATOR,**
**ROSS E. ZUMWALT, M.D., CHIEF**
**MEDICAL INVESTIGATOR,**

        Defendants-Appellants.


**APPEAL FROM THE DISTRICT COURT OF TORRANCE COUNTY**
**George P. Eichwald, District Judge**


Wallin, Huss & Mendez, LLC
Brandon Huss
Dennis K. Wallin
Moriarty, NM

for Appellee

Office of University Counsel
Kimberly N. Bell
Albuquerque, NM

for Appellants

**OPINION**

**KENNEDY, Judge.**

{1}    This is a mandamus case which scarcely resembles the statutory process imagined by the legislative and common law foundations of the writ.  The Office of the Medical Investigator and Medical Investigator, Ross Zumwalt, (collectively, OMI) filed an answer to a petition for an alternative writ, and participated in a hearing on the merits. This renders the resulting writ a final peremptory writ from which an appeal must have been taken.  It is undisputed that OMI did not file an appeal within thirty days of the writ being filed and issued.  OMI's attempt to circumvent finality of the writ by filing a second answer to the peremptory writ instead of its notice of appeal fails.

{2}    The case was final when the time for appeal had run from the date of the writ's issuance and filing, and the district court's attempt to make its later order the final order for purposes of appeal is ineffective.  *See* NMSA 1987 § 44-2-14 (1887) ("[I]n all cases of proceedings by mandamus in any district court of this state, the final judgment of the court thereon shall be reviewable by appeal or writ of error in the same manner as now provided by law in other civil cases.") NMSA 1978, § 39-3-2

(1966) (requiring appeals to be filed within thirty days after the judgment or order appealed from is filed in the district court); NMSA 1978, § 39-1-1 (1917) (stating that absent motions directed against the final judgment, judgments remain under the control of district courts for thirty days); Rule 12-201(D)(1) NMRA (stating that Section 39-1-1 may be tolled if motion directed at the judgment under Rule 1-050(B) NMRA or Rule 1-060(B) NMRA is pending).

{3}     We take no position on the merits of the writ the district court issued. OMI's failure to file a timely notice of appeal deprives us of jurisdiction to entertain this case, and we dismiss the appeal.

**I.     BACKGROUND AND PROCEDURAL HISTORY**

{4}     Sharon Hoyt's husband died in 2000. Hoyt was dissatisfied with various aspects of what was listed on her husband's death certificate, such as the time and cause of death, and its statement that no autopsy had been performed. She sought to have the death certificate amended by the hospital where he died and which had performed an autopsy. Hoyt was unsuccessful in securing the change she sought through the hospital and made a request to OMI to amend the certificate; OMI declined. Approximately eight years after her husband's death, Hoyt filed a petition for writ of mandamus in the Seventh Judicial District Court against OMI and the

Chief Medical Investigator, Ross Zumwalt. The petition requested that the district court compel OMI to file a corrected death certificate containing more accurate information based on a theory that OMI's interest in accuracy in the recording of death certificates created a mandatory duty to amend faulty certificates even if it did not attend the death or perform the autopsy.

{5} The petition stated a factual basis for the writ and asserted reasons the district court should compel OMI to act. Hoyt concluded her petition by asking for a writ of mandamus to issue, ordering OMI to amend the death certificate to include language she desired, "or in the alternative file a response hereto with this court stating why [OMI] should not be compelled to do so." Hoyt did not submit a form of writ, and none was filed. Instead, a summons issued, directing OMI to file a responsive pleading within thirty days of service. OMI filed its response to the petition on October 23, 2008, alleging various reasons for the district court to decline to issue the writ, including that because the hospital, and not OMI, had attended her husband's death and performed the autopsy, OMI had no jurisdiction over Hoyt's husband's death, and Hoyt had not exhausted all of her remedies with the hospital. OMI further alleged that it had no legal authority or duty to amend the death certificate, that it was

3

an improper party for a writ of mandamus, and the petition failed to state a claim for mandamus for which the petition should be denied. OMI filed no further pleadings.

{6} After a host of procedural delays and recusals, Judge George Eichwald of the Thirteenth Judicial District Court was designated by the Supreme Court to preside over this case on April 30, 2010. At a telephonic pretrial conference on August 19, 2010, the parties proposed a half-day trial, which the district court indicated would occur toward the end of the year.

{7} The court held a hearing on the merits of the petition on November 16, 2010, during which the district court heard testimony from Hoyt, took exhibits, and heard legal arguments from both parties. The death certificate in question and the autopsy report were both admitted without objection. OMI offered no evidence, but argued that it had no legal obligation to amend the death certificate and that Hoyt had an adequate remedy at law against the hospital.

{8} The district court granted the writ at the conclusion of the hearing and ordered that OMI make various amendments to the death certificate. The district court instructed Hoyt's attorney to "prepare the appropriate order, and get it to [OMI's counsel] signature, and then obviously . . . OMI has an absolute right to appeal." At the end of the hearing, counsel for OMI clarified with the court that the result of the

4

hearing was "not an order, it would be a writ." The district court stated that OMI had "every right to appeal my decision" and asked Hoyt to submit the writ quickly, so OMI "can make [a] decision[] as to whether or not [OMI] want[s] to appeal this matter."

{9} The writ of mandamus was not filed until March 15, 2011. Although OMI was notified of the presentment of the writ before the court on that date, it informed Hoyt's counsel that it would not attend, nor would it take any action to approve the writ as to form, as it believed that it had no legal ability to affect the writ or its language. As filed, the writ is entitled "Writ of Mandamus" and does not include the word "peremptory." The writ directs OMI to issue "an amended, corrected death certificate" within "30 days from the date this Writ is entered by the Court" and further required that in "the event that [OMI is,] for any reason[,] unable to effectuate the ordered changes, [OMI] shall take all available measures to cooperate with [Hoyt] to make such changes."

{10} Thirty days later on April 16, 2012, OMI filed what it styled as an answer to an alternative writ of mandamus, operating under an assumption that the writ issued by the district court was an alternative writ. This pleading laid out OMI's belief that the writ was alternative for allegedly failing to include language required by the

5

statutes governing peremptory writs and, therefore, permitted a response under NMSA 1978, § 44-2-8 (1884). In this "answer," OMI asserted essentially the same grounds that it argued in its first response to the petition and during the hearing on the writ. Hoyt moved to strike OMI's answer. In a hearing on January 22, 2013, the district court granted the motion to strike and elaborated in its order granting the motion that, although "[t]he [w]rit issued by the [c]ourt was the final resolution of all matters pertaining to [the] case[,]" the order was the "final action . . . from which appellate review [could] be taken." OMI filed a notice of appeal from this order on February 19, 2013.

## II. DISCUSSION

{11} The parties' briefs focus on whether mandamus was proper in this case. We will not address the merits in this case, however, because of the conclusive effect of OMI filing a second answer in the case rather than a notice of appeal.

{12} Owing to OMI's filing an answer to what it deemed an "alternative writ," we must turn to whether OMI's eventual notice of appeal was timely. Hoyt asserts that the writ's language indicated it was peremptory as, indeed, the district court stated in its order of January 2013. OMI insists the writ was alternative, justifying its belief that it could properly file a response to the writ and that no appeal was proper at that

time. *See* NMSA 1978, § 44-2-9 (1884) (providing that a defendant may show cause by answer to an alternative writ). If we hold that the writ is an alternative writ, the result would compel the district court's consideration of OMI's response, a new date of finality, and OMI's timely appeal from that order.

{13}    For reasons stated below, we conclude that the writ issued by the district court was a final peremptory writ of mandamus at the time it was entered. We operate under Section 44-2-14, *Id.*, (providing that writs be reviewed by appeal or writ of error as other civil cases) and Rule 12-201(A)(2) (requiring appeals to be filed "within thirty . . . days after the judgment or order appealed from is filed in the district court clerk's office"), and hold that the writ of mandamus that the district court issued triggered the need to file a notice of appeal within thirty days of its filing. No notice of appeal or motion directed against the judgment was filed within that time. Upon the expiration of thirty days, OMI's appeal was no longer timely.

**B.    Writs of Mandamus—Statutory Requirements**

{14}    Mandamus is a creature of statute, and its regulating statutes can be found at NMSA 1978, Sections 44-2-1 to -14 (1953). Section 44-2-1 (stating that a writ of mandamus is regulated only by Chapter 44, Article 2). We concern ourselves here with only the procedural aspects of the proceedings before us.

7

{15}    Mandamus has been a part of New Mexico's statutory remedies since 1884. Following the statutes and case law, an action for mandamus commences when a petition for a writ is filed. *Brantley Farms v. Carlsbad Irrigation Dist.*, 1998-NMCA-023, ¶ 12, 124 N.M. 698, 954 P.2d 763. After the filing of an application or petition, the district court may, having read the petition and considered its merits, issue either a peremptory or an alternative writ pursuant to the statutory requirements. Section 44-2-6. All writs must contain a statement of fact showing the obligation to act, as well as the order to perform it, and are issued with a date by which compliance must be completed. Section 44-2-6. This is known as the "return day." Section 44-2-8. Both alternative and peremptory writs require responses by the return day, either certifying that the duty to be performed has been completed for a peremptory writ or, in the case of an alternative writ, giving the respondent's reason for non-performance. Section 44-2-6. At the point the writ is issued, the petition or application disappears and is replaced by the writ itself. *Brantley Farms*, 1998-NMCA-023, ¶ 12; *see State ex rel. Burg v. City of Albuquerque*, 1926-NMSC-031, ¶ 5, 31 N.M. 576, 249 P. 242 ("Upon granting of the alternative writ, the application is functus officio, and the alternative writ becomes the initial pleading in the case."). Legal sufficiency of the

writ is based on the district court's consideration of the allegations in the writ and the answer alone. *Brantley Farms*, 1998-NMCA-023, ¶¶ 12-13.

{16} The Mandamus Act contemplates that peremptory writs—those issued based on an apparently incontrovertible duty and sufficient factual basis—would be rarely issued: "When the right to require the performance of the act is clear, and it is apparent that no valid excuse can be given for not performing it, a peremptory mandamus may be allowed in the first instance; in all other cases[,] the alternative writ shall be first issued." Section 44-2-7. Because peremptory writs may issue without notice to the opposing party or an opportunity to be heard, alternative writs are the norm. Charles T. Dumars & Michael B. Browde, *Mandamus in New Mexico*, 4 N.M. L. Rev. 155, 161 (1974). This portion of the statute was specifically enacted to permit an ex parte writ, in reaction to *Armijo v. Territory of N.M.*, 1874-NMSC-002, 1 N.M. 580, which held a peremptory writ of mandamus void for lack of notice and an opportunity to be heard. Because under the Act, a peremptory writ is entered without notice and an opportunity to be heard, it constitutes a final judgment, against which the remedy for any error is by appeal. *Bd. of Comm'rs of Guadalupe Cnty. v. Dist. Ct. of Fourth Jud. Dist.*, 1924-NMSC-009, ¶ 14, 29 N.M. 244, 223 P. 516. At the same time, *Board of Commissioners* recognizes that a respondent may file a

motion directed at the legal propriety of the peremptory writ, which operates as a general appearance, giving the court jurisdiction over the respondents and placing them in the same position as if it had been served with notice prior to the issuance of the writ and defaulted. *Id*. ¶ 24. Once having joined in the dispute, by filing a motion to be allowed to appear and defend against the writ, OMI is unable to "urge want of notice and opportunity to be heard before the issuance of the writ." *Id.*

{17}    The other side of mandamus is the alternative writ, which "is in the nature of an order to show cause[.]" Dumars & Browde, *supra* at 159-60.  Section 44-2-6 specifically lists the contents that an alternative writ must have:

> The alternative writ shall state concisely the facts showing the obligation of the defendant to perform the act, and his omission to perform it, and command him, that . . . he do the act required to be performed, or show cause before the court out of which the writ issued, at a specified time and place, why he has not done so[,] and that he then and there return the writ with his certificate of having done as he is commanded.

{18}    While alternative writs permit the defendant to show a "valid excuse . . . for not performing" the required duty by the expiration of the return date, peremptory writs omit the words requiring the defendant to show cause why he has not done as commanded.   Section 44-2-7. Alternative, not peremptory, writs allow for the defendant to file an answer.  Section 44-2-9 ("On the return day of the alternative writ, . . . the party on whom the writ is served may show cause by answer, made in the

same manner as an answer to a complaint in [a] civil action."). In this way, an alternative writ "serves the same function as a complaint in a civil action and the answer to the writ serves as the answer." *Salopek*, 2006-NMCA-093, ¶ 14. In an answer to an alternative writ, the public official answers the factual allegations contained in the writ and proffers whatever legal defenses he has to the action. *Id.* Upon the filing of an answer, "the issues thereby joined shall be tried and further proceedings had in the same manner as a civil action." Section 44-2-11. If the defendant makes no answer following the issuance of an alternative writ, "a peremptory mandamus shall be allowed against the defendant[.]" Section 44-2-10. A peremptory writ is the end product of the alternative writ proceeding. *See Chance v. Temple*, 1 Iowa 179, 181 (1855) ("The proper order, on the hearing of the application for a peremptory writ, after an alternative is, let the writ be peremptory,' or 'peremptory writ refused.' "). If judgment for the plaintiff is given, issuance of a peremptory writ is the final step in all mandamus proceedings, Section 44-2-12, and the final order that must be appealed to a higher court.

## C. Hoyt's Petition Was for an Alternative Writ And OMI's Answer Operates to Join the Issues for Adjudication of the Case

{19} The petition in this case was for an alternative writ for mandamus, despite the word "alternative" being left out of its title. The petition requested that OMI should be required to file a amended death certificate with certain inclusions "or in the alternative file a response hereto with this court stating why [OMI] should not be compelled to do so." Leaving the word "alternative" out of the title is of no consequence, so long as the purpose is clear. *See Salopek*, 2006-NMCA-093, ¶ 16 (reasoning that the writ issued, although entitled "Peremptory Writ of Mandamus[,]" was not peremptory because, in accordance with the statutory requirements for alternative writs, it directed the defendant to prepare and file a response to the writ within thirty days). No writ was issed in this case. Instead, a summons to OMI was issued, demanding a response within thirty days of service. Following the receipt of the summons in this case, OMI filed a timely response to the petition for writ of mandamus, refuting the allegations of the petition on the merits and asserting separate defenses. Under *Board of Commissioners*, OMI cannot complain that it was not aware of the petition, the issues involved, and its obligation to respond. OMI did not pursue their theory that the relief Hoyt sought was not available as a matter of law by motion to dismiss or otherwise prior to the hearing on the merits.

{20} Once an answer to a petition is filed, Section 44-2-11 directs that the issues joined through the answer "shall be tried and further proceedings had in the same manner as in a civil action." We acknowledge that "[t]he procedure for filing a mandamus action is rather convoluted[,]" Dumars & Browde, *supra* at 158, and that this case has been inordinately so. The concept that a petition in proper form gives rise to a court order "directing the court clerk to issue the writ[,]" *supra* at 159, is provably awry here. However, we do not believe that the lack of an initial writ is of great import under these circumstances.

{21} Our courts have chosen function over form when considering writs of mandamus. For example, *Laumbach v. Board of County Commissioners of San Miguel County*, gave effect to a civil complaint for equitable relief by converting it to a petition for mandamus. 1955-NMSC-096, ¶ 15, 60 N.M. 226, 290 P.2d 1067 ("It matters not what the pleading initiating the proceeding may be denominated. If in truth it discloses by its allegations and the relief sought that it is an action in mandamus, it will be so treated."). Additionally, our Supreme Court has considered a petition as though it were a writ where the respondent answers the allegations made in the petition as it would those made in a writ. *Burg*, 1926-NMSC-031, ¶¶ 11-13. *Burg* held that the defects in the issuance of a writ "can be waived if the parties, by

their acts or agreement, treat the application as a writ." *Id.* ¶ 12. It also held that when a respondent answers factual allegations in the application as a writ, the writ itself can be waived under Section 44-2-11's predecessor, supporting further proceedings.[1] Our Supreme Court has even gone so far as to consider a motion to dismiss, which is inappropriate in a mandamus case, as an answer to a writ where it raised legal questions, admitted facts stated in the writ, and invoked the court's application of the law on an issue, just as an answer to a writ would properly do. *State ex rel. Fitzhugh v. City Council of City of Hot Springs*, 1952-NMSC-022, ¶ 8, 56 N.M. 118, 241 P.2d 100.

{22} From these cases, we conclude that OMI's answer waived the issuance of a writ to begin the case and agreed that the case would be presented based on the pleadings before the court. "The only allegations of fact against which this answer can be directed are those contained in the application; and they are treated by the respondents as though they were contained in the writ." *Burg*, 1926-NMSC-031,

---

[1]We followed *Burg* in subsequent cases determining the validity of writs. *See Salopek*, 2006-NMCA-093, ¶ 15 (stating rule that defects in writ can be waived where respondent answers allegations in the petition as if they were set forth in the writ); *City of Sunland Park v. N.M. Pub. Regulation Comm'n*, 2004-NMCA-024, ¶ 8, 135 N.M. 143, 85 P.3d 267 ("[D]efects in the pleadings can be waived, and the allegations in the application may be considered, where the respondent answers the allegations as if they were set forth in the writ.").

14

**¶ 13.** As such, the case was to proceed as in any civil action. Section 44-2-11. OMI's answer to the petition was functionally the same as an answer to an alternative writ, and under our Supreme Court's precedent set forth in *Burg*, 1926-NMSC-031, ¶¶ 11-13, we will treat the case in that manner. Accordingly, after its hearing on the merits, at which OMI was represented and actively defended its position, the district court gave judgment for Hoyt and issued its final peremptory writ as directed by Section 44-2-12. The writ adjudicated all issues pending before the court and disposed of the case to the fullest extent possible. Last, the district court's conversation with OMI's counsel about the issuance of the writ after the hearing indicates that OMI was twice advised that the next step available to it after the writ was filed would be an appeal. Section 42-2-14; *Bd. of Trustees of Vill. of Los Ranchos de Albuquerque v. Sanchez*, 2004-NMCA-128, ¶ 11, 136 NM 528, 101 P.3d 339 (holding that where the case has been disposed of to the fullest extent, the judgment is final and an appeal can be taken). OMI clearly ascertained that it had been ordered to amend the Hoyt death certificate, that it was the district court's intent to issue a writ and not "an order," and twice that an appeal was contemplated by the district court as the next step should OMI have so desired.

15

{23} Despite OMI's assertion that it could not initially file a motion to dismiss the petition, our Supreme Court in *Fitzhugh*, 1952-NMSC-022, ¶ 8, held that, a motion to dismiss in a mandamus case could be treated as an answer to an alternative writ that admits the facts, but invokes an application of the law to decide the case. OMI's answer to the petition does not contest the essential facts, and contains a response to each and every paragraph of the petition, alleges specific defenses, and requests dismissal on jurisdictional and other grounds. The answer filed after the writ follows the same format and makes virtually the same arguments as the answer filed after the petition. The difference is that the second answer begins with the assertion that the March 2012 writ is an alternative, not a peremptory, writ due to asserted statutory deficiencies in its language.

{24} OMI maintains that its second answer, filed thirty days after the final writ of mandamus was issued and not its original answer to the petition, should be viewed as the "answer" to a writ that is contemplated by statute. Counsel does not point to, and we are not aware of, any provision in the statutes or rules that would permit a second answer, which is substantively indistinguishable from the first, to be filed in a case after the district court has held a hearing on the merits, and informed counsel that it could appeal its ruling if it desired and told a party that an appeal would be the

16

next step. The failure to cite to authority in support of a proposition of law allows us to decline to do the research on the party's behalf. *In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 ("We have long held that to present an issue on appeal for review, an appellant must submit argument *and authority* as required by rule."). OMI's assertions that the writ is defective for failing to include items OMI now asserts to be mandatory components of a peremptory writ, and assertions that the district court's conclusions of law are wrong with regard to OMI's ability to affect Hoyt's husband's death certificate, would all be issues properly addressed by a timely appeal.

{25}   We are satisfied that OMI's first answer to the petition, prior to the issuance of any writ, was sufficient to waive OMI's objections to procedural failings—i.e., the district court's failure to issue an alternative writ immediately upon receiving the petition—and allowed the district court to consider the merits of the allegations made in the petition as though made in an alternative writ. OMI's answer, having treating the petition as though it were a writ, functionally transformed the petition to an alternative writ. *Burg*, 1926-NMSC-031, ¶¶ 11-13.   Thus, the alternative writ procedures having been completed by the petition, an answer, and a hearing on the

17

merits at which OMI appeared and participated, the writ issued in March 2011 was peremptory.

## D.  The Writ Issued Was Peremptory

{26}  OMI asserts that the writ did not contain the necessary language, either as to the necessity of compelling action or establishing a clear legal duty to act to establish it as a peremptory writ under Section 44-2-7 and, thus, its second answer was appropriately filed.  OMI misreads the statute.  Section 44-2-7 governs the content of writs initially issued after a petition is filed, not as the end product of a proceeding on an alternative writ as we have in this case where, after hearing on the merits, the plaintiff has prevailed.  Section 44-2-12 is clear that, upon judgment being "given for the plaintiff" as here, "*a peremptory* mandamus shall be awarded without delay." (Emphasis added.)  The fact that the consequence of judgment for Hoyt in this mandamus action could not be anything *but* a peremptory writ is inescapable.  The district court's issuance of a writ that complies with the statutory requirements for a peremptory writ reflects its stated conclusion that Hoyt had a clear right to compel OMI to amend the death certificate. Rather than rely on its own determination that there was no clear right to require performance while it calculated its options, OMI

18

should have looked to the entire mandamus statute to determine whether the district court's writ qualified as alternative or peremptory.

{27} Because the writ issued after a petition and answer were filed, an evidentiary hearing was held, and judgment was announced for Hoyt, all procedures available for an alternative writ had been exhausted. Section 44-2-12 and the function of the writ as the final resolution of the case is conclusive regardless of omission of the word "peremptory." We therefore reject OMI's contention that the final writ was an alternative writ and hold that the writ was peremptory. OMI should have appealed by the date it filed its second answer.

**E.    OMI Demonstrates No Excuse for Its Untimely Appeal**

{28} Despite joining and participating in a full determination of the case on its merits, being familiar with the mandamus statutes, and twice acknowledging the district court's statement that, upon filing the writ, OMI could appeal, OMI now asserts that regarding the writ as a peremptory writ and, therefore, the final appealable order, would be unfairly prejudicial and an error of law. We disagree.

{29} Supporting our view of Section 44-2-12, our cases also hold that once "all issues of law and of fact necessary to be determined have been determined, and the case has been completely disposed of to the extent the court has power to dispose of

19

it[,]" the resulting order is final. *In re Estate of Duran*, 2007-NMCA-068, ¶ 10, 141 N.M. 793, 161 P.3d 290 (internal quotation marks and citation omitted). The writ issued on March 15, 2012, completely disposed of the case on the merits as a result of judgment in Hoyt's favor. OMI therefore had thirty days to file a notice of appeal with this court. Rule 12-201(A)(2) (requiring appeals to be filed "within thirty . . . days after the judgment or order appealed from is filed in the district court clerk's office"). OMI did not file a pleading attacking the district court's judgment so as to toll the thirty-day rule for filing a notice of appeal, nor did it file an appeal on the merits. Instead, it chose to file another answer based on its misguided assertion that the final writ was actually an alternative writ that kicked off the process anew.

{30} OMI's argument that naming the writ as peremptory at this time would cause it prejudice because it relied on the language in the district court's order in the motion to strike also fails. The writ was peremptory because the Legislature made it so. OMI's view is blind to the facts preceding the writ being filed. During that hearing and prior to the filing of the writ, the district court twice notified OMI's counsel of not only its ability, but also its right to appeal, which OMI's counsel acknowledged. OMI refused to participate in the presentment of the writ, or review it prior to that hearing, believing, apparently, that it was a "writ," not an "order" that could be

further clarified or modified if OMI had an objection to any part. In order to file its second answer, it had to invent its forced interpretation that the writ based on the *judgment* of the court after a full progression of the case through a hearing on the merits, was an alternative writ, intended to allow further proceedings. This ignores the course of proceedings in the district court. The proper route was to file an appeal on the merits.

{31}    We note that at argument, OMI's counsel spoke to a process by which it decided to assert its position here on appeal. From clarifying at the end of the merits hearing that the court would be issuing a writ, not an order, counsel stated that based on the belief that a "writ" is not an "order," counsel refused to review the writ, attend the presentment hearing, or approve the writ as to form. In doing so, OMI forfeited an opportunity to seek or offer clarity or correction to the muddled proceedings and what it now asserts is defective language in the writ. OMI concedes that the district court issued its writ following consideration of the petition and answer thereto.

{32}    It is undisputed that a peremptory writ is a final, appealable judgment. *See Bd. of Comm'rs*, 1924-NMSC-009, ¶ 13 (declaring a peremptory writ is a final judgment). We therefore have two conclusions from which to choose. First, we could plausibly conclude that OMI knew the writ was peremptory based on the procedural posture of

the case and chose to use the procedural confusion to get another chance to address the merits. Second, we could also plausibly conclude that OMI should have known that the writ was peremptory, but did not adequately research the law on the issue. Under neither conclusion may OMI prevail. The fastest and the proper way to prove the writ was erroneous was through a direct appeal. *See id.* (supporting the idea that defects in the writ are to be addressed by an appeal). Instead, OMI's second, procedurally unnecessary, answer improperly attempted to draw out the already unnecessarily lengthy proceedings.

{33}     Last, district courts, unless a post-judgment motion is pending, lose their power over the judgment within thirty days. Section 39-1-1 (stating that the district court loses control over its final judgments unless motions are pending directed against the judgment). Rule 1-052(D) NMRA similarly puts a thirty-day time limit for requests to amend or change findings or conclusions in a non-jury case. We are unable to find, and OMI does not point us to, any action by them or authority that would toll this deadline owing to OMI filing a second answer to the district court's peremptory writ of mandamus. As such, it would be an unsound practice for this Court to exercise jurisdiction over this appeal; the timeliness of OMI's appeal rests on an improperly

filed second answer to a peremptory and final writ issued after a hearing on the merits has been completed.

{34} The dissent suggests that OMI should be entitled to an untimely appeal based on an erroneous reading of *Trujillo v. Serrano*, 1994 -NMSC- 024, 871 P.2d 369. In that case, a party did not receive a copy of the judgment in a magistrate court case until more than a month after it was filed. *Id.* ¶ 3. Here, the district court was quite clear at the end of the merits hearing that it was issuing a writ, from which OMI's next step would properly be an appeal, and OMI received the writ in March 2012, with a full thirty days to file its appeal, choosing to file a second answer instead. We do not regard this as either judicial error in the issuance of the writ, or a situation requiring clarification of the district court's position that had to wait until 2013. OMI had all of the information it needed, including facts and applicable law, from which to discern a proper path to appellate review of the merits of their case. They asserted in their first answer all of the arguments the dissent now suggests, and their position was litigated in a hearing on the merits. *Trujillo* also points out that allowing a late appeal is a discretionary matter with the reviewing court. *Id*. ¶ 9. Again, the proper way to challenge a final peremptory writ's content is through direct appeal. *See Bd. of Comm'rs*, 1924-NMSC-009.

23

{35} We recognize that "unusual circumstances beyond the control of the parties" are a ground upon which a court can base its decision to excuse a late notice of appeal. *Schultz ex rel. Schultz v. Pojoaque Tribal Police Dep't*, 2010-NMSC-034, ¶ 23, 148 N.M. 692, 242 P.3d 259 (internal quotation marks and citation omitted). In *Schultz*, we recognized things like error on the part of the court and mail delays as examples of "unusual circumstances beyond the control of the parties[.]" *Id.* (internal quotation marks and citation omitted). We cannot conclude that the untimely filing of the notice of appeal here was beyond OMI's control where OMI's counsel was on notice of its right to appeal, but seems to have made a calculated choice to file an answer rather than a notice of appeal. While we might agree with the district court's decision to strike the answer, that decision was made after the district court had lost its ability to act. OMI intentionally did not file a timely notice of appeal to the district court's peremptory, final writ. A second answer cannot substitute for a timely notice of appeal. Absent a timely notice of appeal, we must dismiss.

## III. CONCLUSION

{36} The petition filed in this case was for an alternative writ. Despite no initial writ being issued by the district court, OMI filed a timely answer to that petition, and the case was heard on the merits. The district court issued judgment for Hoyt, compelling

24

the filing of a peremptory writ that would end the case. The district court's statements during the first hearing, and OMI's counsel's acknowledgement, clearly establish that OMI was on notice as to the final nature of the writ that would issue. By law, such a final writ is peremptory. As such, we cannot agree with OMI that its notice of appeal was timely in this case. OMI was required to file a notice of appeal within thirty days of the district court's issuance of a peremptory writ. *Bd. of Comm'rs*, 1924-NMSC-009, ¶ 13 (declaring a peremptory writ is a final judgment); Rule 12-201(A)(2) (requiring appeals to be filed "within thirty . . . days after the judgment or order appealed from is filed in the district court clerk's office"). Instead, it elected to improperly file an answer to the writ. *See* § 44-2-9 (stating that the defendant to an alternative writ "may show cause by answer"). OMI's filing of a notice of appeal 341 days after a peremptory writ was filed is untimely and deprives this Court of jurisdiction. We therefore dismiss the appeal.

{37}    **IT IS SO ORDERED.**


_____
**RODERICK T. KENNEDY, Judge**

25

**I CONCUR:**

_____
**MICHAEL E. VIGIL, Chief Judge**

**TIMOTHY L. GARCIA, (dissenting).**

**GARCIA, Judge (dissenting).**

{38}     I respectfully dissent from the majority opinion for two related reasons.  First, I view this case as containing "unusual circumstances which would warrant permitting an untimely appeal" because "the delay was the result of judicial error." *Trujillo v. Serrano*, 1994-NMSC-024, ¶ 16, 117 N.M. 273, 871 P.2d 369. Initially, we must recognize that the rule regarding the time to file an appeal is "a mandatory precondition rather than an absolute jurisdictional requirement." *See id.* ¶ 15.  Until the district court clarified that its March 15, 2012 writ was intended to be peremptory and operate as a final judgment, OMI was not reasonably required to interpret this March 2012 writ as a peremptory writ.  It appears that the district court recognized its previous error when it attempted to remedy the situation by providing that its January 2013 order clarifying the intended effect of the writ would be "[the] final action in this case from which appellate review may be taken[,] if elected." Although the district court may have acted outside of its jurisdiction in extending the time for filing a notice of appeal, we would not be acting outside our jurisdiction by accepting an untimely notice of appeal. *See id.* ¶¶ 15-16.  This is especially true in this case where the mandamus writ at issue appears to require OMI to act outside of its statutory and regulatory authority. *See Mimbres Valley Irrigation Co. v. Salopek*,

27

2006-NMCA-093, ¶ 19, 140 N.M. 168, 140 P.3d 1117 ("[M]andamus is only appropriate to compel an official to perform a duty if the duty is clear and indisputable."); *see also* 55 C.J.S. *Mandamus* § 17 at 34 (2009) ("A writ of mandamus by its nature confers no new authority upon the party against whom it may be issued.").

{39} The second reason for this dissent involves Hoyt's failure to follow the appropriate statutory procedures for obtaining an alternative peremptory writ of mandamus. *See* §§ 44-2-6 to -11. The fact that OMI responded to Hoyt's defective and inappropriate petition that initiated this procedural mess in 2008, should not be determinative or controlling. I cannot conclude that OMI was required to do nothing in 2008 and simply wait for the outcome of the district court's review of Hoyt's inappropriate 2008 petition. OMI alerted the district court and Hoyt to this dilemma throughout the early proceedings in 2008 and again in 2011. OMI's first opportunity to properly answer the actual written form of the writ proposed by Hoyt only occurred after the writ was filed on March 15, 2012. As noted above, even the district court was confused about the final nature of the writ that was presented after the November 2011 hearing. This confusion was not cleared up until the January 2013 order. Any procedural or finality defects that may have occurred in this case prior to January

2013, were entirely Hoyt's creation and should not now be used to deny OMI the right to appeal the merits of this peremptory writ.

_____

**TIMOTHY L. GARCIA, Judge**