This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-39830

NATIONAL EDUCATION
ASSOCIATION OF NEW MEXICO
and CENTRAL CONSOLIDATED
EDUCATION ASSOCIATION,

      Petitioners-Appellees,

v.

CENTRAL CONSOLIDATED
SCHOOL DISTRICT; THE BOARD
OF EDUCATION OF CENTRAL
CONSOLIDATED SCHOOL DISTRICT;
GARY J. MONTOYA, President of the
Central Consolidated School District
Board of Education, in his official capacity;
SUZETTE JEAN HASKIE, Vice President
of the Central Consolidated School District
Board of Education, in her official capacity;
CHRISTINA J. ASPAAS, Secretary of the
Central Consolidated School District Board
of Education, in her official capacity;
CHARLIE T. JONES, JR., Member of the
Central Consolidated School District Board
of Education, in his official capacity;
SHELDON PICKERING, Member of the
Central Consolidated School District Board
of Education, in his official capacity; and
DANIEL P. BENAVIDEZ, Superintendent of
the Central Consolidated School District
Board of Education, in his official capacity,

      Respondents-Appellants.

APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY
Sarah V. Weaver, District Court Judge

Jones, Snead, Wertheim & Clifford, P.A.
Jerry Todd Wertheim
Kaitlyn DelBene
Santa Fe, NM

for Appellees

Germaine Chappelle
Flora Vista, NM

for Appellants

**MEMORANDUM OPINION**

**BOGARDUS, Judge.**

**{1}** Central Consolidated School District (CCSD), the Board of Education of Central Consolidated District (Board), Board President Gary J. Montoya, Board Vice President Suzette Jean Haskie, Board Secretary Christina J. Aspaas, Board member Charlie T. Jones, Jr., Board member Sheldon Pickering, and CCSD Superintendent Daniel P. Benavidez (collectively, Respondents) appeal the district court's grant of a peremptory writ of mandamus ordering Respondents to engage in meaningful, good-faith tribal consultation with the Navajo Nation regarding Respondents' decision to expand in-person learning for all public school students. We conclude, after review of the briefing and the record of the case before us, that the issue presented is moot and the appeal should be dismissed. *See Gunaji v. Macias*, 2001-NMSC-028, ¶ 9, 130 N.M. 734, 31 P.3d 1008 ("As a general rule, this Court does not decide moot cases.").

**{2}** On March 11, 2020, Governor Michelle Lujan Grisham declared a public health emergency due to the spread of COVID-19. *See* State of N.M. Executive Order 2020-004 (March 11, 2020). The health emergency led to both the State of New Mexico and the Navajo Nation closing schools and/or adopting provisions for online learning. *See* State of N.M. Executive Order 2020-005 (March 13, 2020) (ordering that "[a]ll New Mexico public school shall close"); Resolution of the Navajo Nation Council, CO-84-20 (supporting the Navajo Nation Board of Education opposing in-class instructions).

**{3}** On January 26, 2021, the New Mexico Public Education Department (including Respondents) announced the expansion of in-person learning for all public school students beginning on February 16, 2021. As a result of concerns raised by stakeholders, including the Navajo Nation's concerns about the decision to transition back to in-person schooling, the National Education Association of New Mexico and the Central Consolidated Education Association (collectively, Petitioners) filed a petition for writ of mandamus arguing that Respondents failed to meet their "mandatory, non[]discretionary duty to engage in meaningful, good-faith tribal consultation with the

Navajo Nation" pursuant to the New Mexico State-Tribal Collaboration Act, NMSA 1978, § 11-18-1 to -5 (2009) and the New Mexico Indian Education Act, NMSA 1978, § 22-23A-1 to -11 (2003, as amended through 2007). The district court agreed, granting an alternative writ of mandamus followed by a hearing to show cause and a peremptory writ ordering Respondents to comply with such duty and to "allow virtual/online instructions for students upon request." This appeal follows.

**{4}** Respondents concede that any decision by this Court cannot affect or change the actions they undertook in response to the writ: they engaged in tribal collaboration, continuously offered parents a choice of in-person or virtual instruction, and did not require in-person attendance. Nevertheless, Respondents argue, this Court should consider the basic issue of whether Sections 11-18-3 and 22-3A-1 impose a nondiscretionary duty to consult with the Navajo Nation in these circumstances because they "are concerned that the rulings issued by the [d]istrict [c]ourt . . . [may] create confusing precedent in other cases." Petitioners agree that the issue is moot, but for a different reason: the health emergency underlying the dispute has ended, and therefore no relief can be granted. We agree with Petitioners and explain.

**{5}** "A case is moot when no actual controversy exists, and the court cannot grant actual relief." *Gunaji*, 2001-NMSC-028, ¶ 9 (internal quotation marks and citations omitted). Here, we agree with Petitioners that no actual controversy exists because the underlying health emergency that precipitated the dispute expired on March 31, 2023. *See* State of N.M. Executive Order 2023-036 (March 03, 2023) (setting the health emergency expiration date for March 31, 2023); *Cf. Gunaji*, 2001-NMSC-028, ¶ 9 (holding that an election contest issue is moot because the terms of office had expired). Accordingly, reversal of the district court would not provide actual relief because Respondents no longer have to consult with the Navajo Nation concerning COVID-related precautions given that the health emergency expired. Because the issue is moot, we now turn to the mootness exceptions.

**{6}** Respondents argue that this Court should consider the issue to avoid confusing precedent. That, however, is not a recognized exception to mootness and we decline to create a new exception. Although Respondents do not argue for their application, we analyze the two recognized exceptions to mootness: "cases which present issues of substantial public interest, and cases which are capable of repetition yet evade review." *Republican Party of N.M. v. N.M. Tax'n & Revenue Dep't*, 2012-NMSC-026, ¶ 10, 283 P.3d 853. "A case presents an issue of substantial public interest if it involves a constitutional question or affects a fundamental right such as voting." *Id.* The present issue involves statutory interpretation regarding state agencies' duties to communicate with tribal communities, and therefore is not a constitutional question nor does it affect a fundamental right. *See id.* Next, while misinterpreting the relevant statutes and inappropriately granting a writ of mandamus is no doubt capable of repetition, the issue will not evade review. Appeal is available for state agencies in the future who may be similarly situated to Respondents. *See Hoyt v. State*, 2015-NMCA-108, ¶ 32, 359 P.3d 147 ("It is undisputed that a peremptory writ is a final, appealable judgment.").

**{7}** Based on the foregoing, we dismiss the appeal as moot.

**{8}** **IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**JANE B. YOHALEM, Judge**

**MICHAEL D. BUSTAMANTE, Judge,**
**Retired, sitting by designation**